Bruce K. Warren, Esquire  Atty. I.D. No. 89677
Brent F. Vullings, Esquire  Atty. I.D. No. 92234
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
(215)745-9800  Attorneys for Plaintiff

---

| | |
|---|---|
| Rebecca Ruane<br>522 Center Street<br>East Pittsburgh, PA 15112<br><br>  Plaintiff,<br>vs.<br><br>American General Finance, Inc.<br>61 West Cheltenham Avenue<br>Cheltenham, PA 19012<br><br>  Defendant | : COURT OF COMMON PLEAS<br>: MONTGOMERY COUNTY<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: NO.<br>:<br>:<br>:<br>: |

CIVIL ACTION

The Plaintiff, by way of Complaint against the Defendant, alleges and says:

## PARTIES

1. Rebecca Ruane, hereinafter referred to as Plaintiff, is an adult individual residing at the above captioned address.

2. At all times relevant hereto, the Plaintiff was an adult and consumer.

3. At all times relevant hereto, Defendant, American General Finance, Inc. (hereinafter "Defendant") is and was a Corporation engaged in the business of providing loans, retail financing and other credit related products, within the Commonwealth of Pennsylvania,

County of Montgomery, and located at the above captioned address.

## FACTUAL ALLEGATIONS

4. Starting in or around May 2010, Plaintiff has experienced a series of misleading and extremely harassing communications from Defendant regarding an alleged debt.

5. Plaintiff receives between two and three calls daily at work from Defendant's agent, "Nathan Philipps."

6. During incoming calls to Plaintiff's employer, "Nathan Philipps" regularly identifies himself as a "drug company" to deceive Plaintiff into taking the call.

7. Plaintiff has informed "Nathan Philipps" on multiple occasions that she is not allowed to receive personal calls at her place of business.

8. "Nathan Philipps" has also spoken with Plaintiff's co-worker, Cassandra Ruby, and has been notified by her that Plaintiff cannot receive personal calls at work.

9. On numerous other occasions, "Nathan Philipps" has spoken with other co-workers of Plaintiff who in turn notified him that she cannot receive personal calls at work.

10. Plaintiff is routinely humiliated by unannounced faxes to her employer's general office fax number stamped "URGENT", and addressed to Plaintiff's manager, Phillip Nerti. See a copy of the fax appended hereto and marked "**EXHIBIT A**".

11. The aforementioned faxes to Plaintiff's workplace clearly display her social security number and make it visible to any person who may receive the fax, in addition to asking for her approximate wages and other personal information.

12. Plaintiff's manager has personally placed the faxes on her desk numerous times,

and Plaintiff has recently been informed that if the faxes and calls continue she will lose her job.

13. In response to Defendant's faxes, Plaintiff faxed Defendant on May 24, 2010 by using their habitual fax as a cover sheet and included a separate piece of paper with a message that clearly asks for Defendant to cease calling her at work. See a copy of the fax appended hereto and marked "**EXHIBIT B**".

14. In the days following May 24, 2010, Defendant ignored Plaintiff's aforementioned request to cease and desist communication at her workplace, and sent many other faxes identical to those received by Plaintiff in the past.

15. As a result, Plaintiff faxed another cease and desist request days later, on May 27, 2010. See a copy of the fax appended hereto and marked "**EXHIBIT C**".

16. Defendant has completely ignored Plaintiff's insistence that she cannot receive calls or faxes at work, and continues to attempt communication via both fax and telephone with Plaintiff at her place of business.

17. Defendant's agents have also repeatedly called Plaintiff's son, Sean Ruane, who is located at an entirely different residence and holds no obligation to the alleged debt.

18. Plaintiff's son, Sean Ruane has told agents of Defendant on numerous occasions that Plaintiff, his mother, cannot be reached at the number they are attempting to reach her on and he would like them to stop calling his home, but Defendant has not stopped calling.

## COUNT I – PA FCEUA
### PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

19. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

20. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a creditor pursuant to 73 Pa. C.S. § 2270.3.

21. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

22. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

23. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

24. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

25. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice

require.

## COUNT II – PA UTP CPL

**PENNSYLVANIA UNIFORM TRADE PRACTICES & CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.**

26. The foregoing paragraphs are incorporated herein by reference.

27. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

28. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

29. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

   a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

   b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

   c. Defendant failed to comply with the FCEUA which is a per se violation of the UTPCPL.

30. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

31. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

a. An Order declaring that Defendant violated the UTPCPL;

b. Actual damages;

c. Treble damages;

d. An award of reasonable attorney's fees and expenses and cost of suit; and

e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT III
## EMOTIONAL DISTRESS INTENTIONALLY INFLICTED

32. Plaintiff restates each and every allegation numbered above.

33. The actions of the Defendant described were extreme and outrageous.

34. The actions of the Defendant were intentional to embarrass, degrade, scare, humiliate and coerce Plaintiff to make payment.

35. The proximate cause of Plaintiff's emotional distress was the actions of the Defendant.

**WHEREFORE**, Plaintiff seeks judgment against the Defendant for an amount including the reimbursement of costs, reimbursement of interest, plus costs of suit and attorney fees. Plus punitive damages up to $350,000.00 or five (5) times the compensatory damages; whichever is greater.

## COUNT IV
### INVASION OF PRIVACY/FALSE LIGHT

36. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37. The above actions of Defendant, American General Finance, Inc. violated Plaintiff's right of privacy by impermissibly revealing to others Plaintiff's most private information and placing the Plaintiff in a false light before the eyes of others, including but not limited to family, friends and the general public.

38. By such unauthorized invasion and circulation of Plaintiff's name, information and financial issues, Defendant invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind and caused Plaintiff severe mental and emotional distress.

39. The conduct of Defendant, American General Finance, Inc. was the direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted by law.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: August 17, 2010

BY: /s/
Bruce K. Warren, Esquire

BY: /s/
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff